**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-2062-REB-CBS

KANDACE WILLIAMS,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a New York insurance company,
AT&T LONG TERM DISABILITY PLAN FOR OCCUPATIONAL EMPLOYEES, an
ERISA welfare benefit plan, and
AT&T INTEGRATED DISABILITY SERVICE CENTER,

    Defendants.

## ORDER CONCERNING MOTION TO AMEND ORDER

**Blackburn, J.**

This matter is before me on **MetLife's Unopposed Motion for Expedited Order to Correct Mistake in Order Granting Defendants' Motion for Summary Judgment, and Denying Plaintiff's Motion for Summary Judgment, & Resolving Related Motions [#111], to Place the AT&T Defendants' Response Brief [#88] under Seal, and to Remove Original Version of the Order from Westlaw and Lexis** [#115][1] filed October 27, 2010. The relief requested is unopposed. I grant the motion in part and deny it in part.

This ERISA case concerns an appeal of a determination by defendant Metropolitan Life Insurance Company (MetLife) that the plaintiff is not entitled to

---

[1] "[#115]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

continued disability benefits. In discovery, MetLife provided to the plaintiff certain of its internal claims handling guidelines. Those guidelines were provided under the terms of a protective order [#33] entered by the court. The AT&T defendants discussed the content of one of the guidelines in a response brief [#88], but did not file that brief under seal. Apparently, this was an inadvertent oversight. In the order [#111] resolving the motions for summary judgment, the court inadvertently quoted the content of one of MetLife's guidelines even though the text of the guideline was subject to the protective order. Seeking relief under FED. R. CIV. P. 60(a), MetLife requests in its present motion that the court place the AT&T response brief [#88] under seal, withdraw the court's original order [#111] resolving the motions for summary judgment, and replace that order with a redacted version deleting the quotation from MetLife's internal guideline. MetLife requests also that the AT&T defendants' response [#88] be filed under seal, and that the court direct the clerk of the court to contact Lexis and Westlaw to direct those services with withdraw the court's original order [#111] from their services.

      Rule 60(a) provides that the court "may correct a clerical mistake or a mistake arising from over-sight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). The inclusion of the text of one of MetLife's internal claims handling procedures in the court's order [#111] is an oversight which should be corrected. Thus, I grant MetLife's motion to the extent that MetLife requests that the court issue an amended order which does not contain the text of MetLife's internal procedure. MetLife requests also that the court order that the response [#88] of the AT&T defendants be placed under seal. I deny this motion without prejudice because MetLife has not complied with the requirements for a motion to seal under D.C.COLO.LCivR 7.2.

Finally, I note that the court does not have jurisdiction over Lexis and Westlaw in this case. Therefore, I deny MetLife's motion to the extent MetLife asks the court to direct Lexis and Westlaw to withdraw from their services the court's original order.

**THEREFORE, IT IS ORDERED** as follows:

1. That **MetLife's Unopposed Motion for Expedited Order to Correct Mistake in Order Granting Defendants' Motion for Summary Judgment, and Denying Plaintiff's Motion for Summary Judgment, & Resolving Related Motions [#111], to Place the AT&T Defendants' Response Brief [#88] under Seal, and to Remove Original Version of the Order from Westlaw and Lexis** [#115] filed October 27, 2010, is **GRANTED** in part;

2. That concurrently with this order, the court has issued an amended order concerning the parties' motions for summary judgment, which order does not quote MetLife's guidelines; and

3. That otherwise, **MetLife's Unopposed Motion for Expedited Order to Correct Mistake in Order Granting Defendants' Motion for Summary Judgment, and Denying Plaintiff's Motion for Summary Judgment, & Resolving Related Motions [#111], to Place the AT&T Defendants' Response Brief [#88] under Seal, and to Remove Original Version of the Order from Westlaw and Lexis** [#115] filed October 27, 2010, is **DENIED**.

Dated January 11, 2011, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge